# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1723V
(Unpublished)

| | |
|---|---|
| ADRIANA MERINO, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: August 12, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Andrew D. Downing*, Van Cott & Talmante, PLLC, Phoenix, AZ, for Petitioner
*Emily Manoso*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On November 6, 2019, Joanna Farjaszewska filed[2] a petition for compensation on behalf of her minor daughter Adriana Merino ("Petitioner") under the National Vaccine Injury Compensation Program,[3] alleging that Ms. Merino suffered from "a multitude of symptoms," as a result of the HPV vaccines she received on November 7, 2016, August 8, 2017, and February 15,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] At the time of filing, Ms. Merino was a minor and the petition was filed on her behalf by her mother, Ms. Farjaszewska. Ms. Merino turned eighteen and subsequently substituted in as Petitioner on July 29, 2020. ECF No. 20.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2018.[4]  Pet., ECF No. 1.  Petitioner filed several medical records in support of her claim.  Exs. 1-8, ECF Nos. 21, 23. Petitioner filed a Statement of Completion on October 6, 2020.  ECF No. 24.

On January 4, 2021, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act."  Resp.'s Rep. at 1, ECF No. 26.  Respondent argued that Petitioner had not "provided evidence that satisfies her burden of proof under *Althen*" and "Petitioner's medical records do not establish that her HPV vaccinations were the likely cause of any of her symptoms."  *Id*. at 9.

Petitioner filed a motion to dismiss on August 11, 2021, indicating that "She wishes to pursue a third-party action in district court against Merck directly."  Pet'r's Mot., ECF No. 31 at 2.  Petitioner's motion notes that "Petitioner simply needs a judgment from the Vaccine Program so that she may reject said judgment and submit her election to opt out."  *Id.*  Petitioner further stated that, "In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program."  *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] At the time, Petitioner was acting *pro se*.  Mr. Downing was substituted in as counsel on July 29, 2020.  ECF No. 18.